[No. B200559. Second Dist., Div. Eight. July 29, 2008.]

In re MATTHEW A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MATTHEW A., Defendant and Appellant.

538

## COUNSEL

Judith Vitek, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lawrence M. Daniels and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FLIER, J.—**

### SUMMARY

The juvenile court declared appellant Matthew A. a ward of the court after finding that he had committed a first degree burglary. The court placed appellant home on probation, and set a maximum term of confinement of six years.[1]

Appellant contends the evidence was insufficient to support the juvenile court's finding he had committed burglary. In particular, he argues the evidence did not show he intended to steal at the time he entered the victim's residence. Appellant also contends the court erred by setting a maximum term of confinement.

We strike the maximum term of confinement and affirm.

### FACTS

Appellant lived in the apartment next door to Lisa Campo's apartment. Their apartments shared attic space. On December 15, 2006, Campo locked

---

[1] The court dismissed a separate Welfare & Institutions Code section 602 petition alleging vandalism and possession of tools to commit vandalism or graffiti in exchange for appellant's agreement to pay for the damages resulting from the vandalism.

her door and went to work. When she arrived home that evening, she found "a mess" throughout her living room and kitchen. Bottles of wine were empty, and yogurt had been "spread out all over" the kitchen. A camcorder, jewelry, and children's clothing were missing. The entrance to the attic was open, though it had been closed when Campo left that morning. Appellant's mother returned the camcorder, a pair of tennis shoes, and a pair of shorts to Campo. Campo did not give appellant permission to be in her apartment.

Appellant told Long Beach Police Detective Chih-Hang Chi that he and a friend entered Campo's apartment through the attic. They "hung out a little bit," ate some food, and watched television. Appellant admitted taking some clothing and a Nintendo. Appellant's friend took some jewelry. Appellant was 12 years old at the time of the offense.

## DISCUSSION

1. *Substantial evidence supports the burglary finding.*

Appellant contends the evidence was insufficient to support the juvenile court's finding that he committed burglary because "the prosecution did not eliminate the reasonable likelihood that appellant had only been curious and mischievous in attempting to enter Campo's apartment . . . ."

The same standard governs review of the sufficiency of evidence in adult criminal cases and juvenile cases: we review the whole record in the light most favorable to the judgment to decide whether substantial evidence supports the conviction, so that a reasonable fact finder could find guilt beyond a reasonable doubt. (*People v. Ceja* (1993) 4 Cal.4th 1134, 1138 [17 Cal.Rptr.2d 375, 847 P.2d 55]; *In re Babak S.* (1993) 18 Cal.App.4th 1077, 1088–1089 [22 Cal.Rptr.2d 893].)

■ Burglary involves the act of unlawful entry accompanied by the specific intent to commit grand or petit larceny or any felony. (Pen. Code, § 459; *People v. Montoya* (1994) 7 Cal.4th 1027, 1041 [31 Cal.Rptr.2d 128, 874 P.2d 903].) One may be liable for burglary upon entry with the requisite intent, regardless of whether the felony or theft actually committed is different from that originally contemplated, or whether any felony or theft actually is committed. (*People v. Montoya,* at pp. 1041–1042.)

■ In order to constitute burglary, the defendant must intend to commit the theft or felony at the time of entry. (*People v. Holt* (1997) 15 Cal.4th 619,

699 [63 Cal.Rptr.2d 782, 937 P.2d 213].) However, the existence of the requisite intent is rarely shown by direct proof, but may be inferred from facts and circumstances. (*Ibid.*) Evidence of theft of property following entry may create a reasonable inference that the intent to steal existed at the moment of entry. (*In re Leanna W.* (2004) 120 Cal.App.4th 735, 741 [15 Cal.Rptr.3d 616].)

■ Appellant admittedly stole items from Campo's apartment. His theft was also demonstrated by his apparent possession of Campo's camcorder, which appellant's mother returned to Campo, and his admitted consumption of Campo's food. These thefts create a reasonable inference that appellant entered Campo's apartment with the intent to steal. Whether or not he harbored additional intents, such as an intent to make a mess, the juvenile court's burglary finding is amply supported by the inference of intent arising from appellant's actual thefts. Appellant's sufficiency of evidence claim therefore has no merit.

2. *The maximum term of confinement is ineffective and should be stricken.*

Appellant contends the juvenile court erred by setting a maximum term of confinement, as he was placed home on probation.

■ When a minor is removed from the physical custody of his parent or custodian as a result of criminal violations sustained under Welfare and Institutions Code section 602, the court must specify the maximum term of imprisonment that could be imposed upon an adult convicted of the same offense or offenses. (Welf. & Inst. Code, § 726, subd. (c).)

■ Appellant was not removed from his mother's physical custody. This means that the necessary predicate for specifying a term of imprisonment does not exist. The sentencing authority of a court in almost all instances is prescribed by statutory law, as it is in this case. The statute did not empower the court to specify a term of imprisonment and that should have been the end of the matter. Yet, as others courts have done, this court nonetheless specified a term, namely the maximum term. Courts utilizing this technique may have the best of reasons, such as "sending a message" to the juvenile that the transgression was serious. But if the Legislature thought that this should be done, it would have been easy to write the statute to permit this practice. We think it should cease. The criticism of this practice in prior opinions without actually ordering a correction of the disposition seems to have had little effect. Thus, our order is to strike the specification of a term of imprisonment.

## DISPOSITION

The maximum confinement term set by the court is stricken. In all other respects, the judgment is affirmed.

Cooper, P. J., and Rubin, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 16, 2008, S166653.