Filed 5/20/13  In re Kevin G. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re KEVIN G.,<br><br>a Person Coming Under the Juvenile Court Law. | B241711<br>(Los Angeles County<br> Super. Ct. No. FJ49968) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN G.,<br><br>    Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert J. Totten, Commissioner.  Affirmed as modified.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

Kevin G. appeals from an order of wardship pursuant to Welfare and Institutions Code section 602 following the juvenile court's finding that he committed the offense of failure to disclose the origin of a recording or audiovisual work in violation of Penal Code section 653w, subdivision (a). He was placed home on probation, and the maximum period of confinement was determined to be one year. Appellant's sole contention on appeal is that the juvenile court erred in imposing a maximum confinement term because he was placed home on probation. We strike the maximum period of confinement and affirm in all other respects.

## BACKGROUND

On March 7, 2012, a petition was filed under Welfare and Institutions Code section 602, alleging that appellant, who was 15 years old at the time, committed the crime of failure to disclose the origin of a recording or audiovisual work, a felony, in violation of Penal Code section 653w, subdivision (a).[1] The juvenile court held an adjudication hearing and found the allegations of the petition to be true. The juvenile court sustained the petition, granted appellant's motion to reduce the offense to a misdemeanor (Pen. Code, § 17, subd. (b)), and declared appellant a ward of the court. The court placed appellant home on probation, imposed various conditions of probation, and determined the maximum term of confinement to be one year. Appellant filed a timely notice of appeal.

---

[1] The underlying facts are not pertinent to this appeal and therefore are not set forth in this opinion.

## DISCUSSION

Appellant's sole contention on appeal is that the juvenile court erred in setting a maximum term of confinement because he was committed to the custody of his mother. We agree.

Welfare and Institutions Code section 726, subdivision (d) provides that "[i]f the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to [Welf. & Inst. Code] Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." Welfare and Institutions Code section 726, subdivision (d) applies only if a minor is removed from the physical custody of his or her parent or guardian. Where, as here, a minor is placed home on probation and not removed from his parents' custody, the juvenile court lacks the authority to set the maximum period of confinement. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541.)

## DISPOSITION

The maximum term of confinement is stricken.  In all other respects the order of wardship is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


SUZUKAWA, J.

4