Filed 3/10/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re A.C., a Person Coming Under the Juvenile Court Law. | C073242 |
| THE PEOPLE, | (Super. Ct. No. 69512) |
| Plaintiff and Respondent, | |
| v. | |
| A.C., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Thomas M. Harrington, Judge. Affirmed as modified.

Carol A. Koenig, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, and Julie A. Hokans, Supervising Deputy Attorney General, for Plaintiff and Respondent.

1

A.C., a 16-year-old minor, appeals from the juvenile court's order sustaining a Welfare and Institutions Code, section 602, subdivision (a) petition alleging that the minor committed a robbery (Pen. Code, § 211), engaged in a criminal conspiracy (Pen. Code, § 182, subd. (a)(1)), and brandished an imitation firearm (Pen. Code, § 417.4).

The minor's only claim on appeal is that the juvenile court "erred in setting a maximum confinement time when he was released home on probation" and asks that we strike the portion of the order including the maximum confinement term. The People agree it was error to set a maximum confinement term under the circumstances, but argue we need not remedy the error.

We will strike the term.

### DISCUSSION

In *In re Ali A.* (2006) 139 Cal.App.4th 569 (*Ali A.*), we held the juvenile court abused its discretion when it set a maximum confinement term for a minor who, like A.C., was not removed from the custody of his parents. (*Id.* at p. 571) We concluded, however, that the erroneous inclusion of the term had no legal effect and thus caused no prejudice. (*Id.* at p. 574) Therefore, we reasoned, striking the term from the order was not necessary and we declined to do so. (*Id.* at p. 574, fn. 2.)

Two years later, another appellate court decided *In re Matthew A.* (2008) 165 Cal.App.4th 537. Noting that juvenile courts were continuing to specify maximum terms for minors who remained with their parents, and concluding that prior appellate opinions had been ineffective in deterring the practice, the appellate court struck the maximum confinement term from the order. (*Id.* at pp. 541-542)

We observe that the erroneous inclusion of maximum terms continues, and the debate on appeal whether "to strike or not to strike" rages on, although generally in unpublished opinions. Our decision in *Ali A.* has provided the basis for the continuing debate. This was never our intention.

2

The legal reasoning employed in *Ali A.* remains sound.  However, the error of including maximum terms in non-custodial orders continues, unnecessarily depleting the limited resources of the judicial system.  To stop this error, and quell the debate over its effect, we now conclude that where a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term.

### DISPOSITION

The maximum confinement term is stricken from the juvenile court's order.  In all other respects, the judgment is affirmed.


       DUARTE       , J.


We concur:


    HULL      , Acting P. J.


    HOCH      , J.