Filed 6/25/14  In re Tatyana S. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re TATYANA S., a Person Coming Under the Juvenile Court Law. | D064379 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM233370) |
| v. | |
| TATYANA S., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed as modified

Maria Leftwich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court declared Tatyana S. a ward of the court after finding that she had committed assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)). Tatyana was placed in the custody of her parents, under the supervision of the probation department. At the disposition hearing, the court set a maximum term of confinement of four years. All parties agree the court erred in so doing. At issue here is whether the erroneous maximum term of confinement should be stricken from the order.

We hold that it should and order the maximum term of confinement to be so stricken.

## BACKGROUND

In December 2013, Tatyana was involved in a physical altercation with another woman.[1] The San Diego District Attorney filed a petition pursuant to section 602 of the Welfare and Institutions Code alleging, inter alia, that Tatyana had committed assault by means of force likely to produce great bodily injury.

At the conclusion of the adjudication hearing, the court sustained the petition, finding that Tatyana had indeed violated Penal Code section 245, subdivision (a)(4). The court advised Tatyana that the maximum sentence for such a violation was four years.

---

[1]    A full recitation of the facts is omitted, as the only issue presented on appeal is the propriety of the court setting a maximum term of confinement.

At the disposition hearing a few weeks later, the court set Tatyana's maximum term of confinement at four years. The court released Tatyana into the custody of her parents, under the supervision of the probation department, subject to several conditions.

DISCUSSION

Welfare and Institutions Code section 726, subdivision (d) provides: "If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court."

Such a determination of a maximum term of confinement is only required (and, indeed, only authorized) when the minor is removed from the custody of his or her parents. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541.) Because Tatyana was not removed from the custody of her parents, as the parties note, the court erred in establishing a maximum term of confinement. (See *ibid.*) Such an unauthorized determination is without legal effect. (*In re Ali A.* (2006) 139 Cal.App.4th 569, 574.)

Courts are divided on the proper remedy for such an unauthorized and ineffectual determination. Some have reasoned that, as the maximum term of confinement is without legal effect, the minor is not prejudiced by the error and thus no remedy is required. (See, e.g., *In re Ali A.*, *supra*, 139 Cal.App.4th. at p. 574.) Others have opted instead to strike the erroneous language from the order, to discourage future courts from

3

continuing the practice.  (See, e.g., *In re Matthew A.*, *supra*, 165 Cal.App.4th at p. 541; *In re A.C.* (2014) 224 Cal.App.4th 590, 592.)

In the instant case, we note that the threat of actual harm to Tatyana posed by this erroneous language is exceedingly low.  Should Tatyana violate the terms of her probation in the future, a further hearing would be required to modify the disposition of this case and remove her from her parents' custody.  (See *In re Ali A.*, *supra*, 139 Cal.App.4th at p. 573.)

Although the risk of harm to Tatyana is slight, we nonetheless conclude the better practice is strike the erroneous language from the order.  (See *In re Matthew A.*, *supra*, 165 Cal.App.4th at p. 541; *In re A.C.*, *supra*, 224 Cal.App.4th at p. 592.)  That way, we can ensure the disposition order is accurate.

## DISPOSITION

The maximum term of confinement is ordered stricken from the dispositional order.  The judgment is otherwise affirmed.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

McDONALD, J.

4