Filed 10/31/14  In re Pedro L. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re PEDRO L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PEDRO L.,<br><br>    Defendant and Appellant. | F068458<br><br>(Super. Ct. No. JJD065514)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Ann Penners Bergen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Kane, Acting P.J., Franson, J. and Poochigian, J.

Following the filing of a petition under Welfare and Institutions Code section 602,[1] minor Pedro L. was found to have possessed marijuana for sale in November 2012. The juvenile court adjudged Pedro a ward of the court and admitted him to probation in his parents' custody. The court declared the offense a felony and set a maximum term of confinement at three years, with credit for time served.

Pedro contends, and the People agree, that the juvenile court erred when it set a maximum term of confinement because he had not been removed from his parents' custody. In 2012, section 726, subdivision (c) provided: "If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court."[2] By its express terms, this section applies only "[i]f the minor is removed from the physical custody of his or her parent or guardian …." (*Ibid.*; *In re Ali A.* (2006) 139 Cal.App.4th 569, 573; see *In re A.C.* (2014) 224 Cal.App.4th 590, 591-592.)

We agree with the parties and will strike the maximum term of confinement. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541.)

### DISPOSITION

The maximum term of confinement set by the juvenile court is stricken from the disposition order. In all other respects, the findings and orders of the juvenile court are affirmed.

---

[1] All statutory references are to the Welfare and Institutions Code.

[2] Subdivision (c) of section 726 has since been changed to subdivision (d). (Stats. 2012, ch. 176, § 3.)