Filed 12/23/14  In re J.F. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.F., a Person Coming Under the Juvenile Court Law. | C075394 |
| THE PEOPLE, | (Super. Ct. No. JV134451) |
| Plaintiff and Respondent, | |
| v. | |
| J.F., | |
| Defendant and Appellant. | |

At a May 2013 jurisdictional/dispositional hearing on the original Welfare and Institutions Code section 602 petition, the juvenile court sustained the allegation that the minor J.F. had committed felony burglary of "an inhabited dwelling" and granted supervised felony probation subject to numerous conditions including DNA testing.  In

1

November 2013, the minor admitted violating probation (he was suspended from school) and the juvenile court revoked and reinstated probation.

The minor appeals. In his notice of appeal, the minor states that he is appealing from the November 2013 order but raises issues which should have been raised in an appeal from the May 2013 order. The minor contends the juvenile court failed to designate the degree of the burglary (which would have occurred at the May 2013 jurisdictional/dispositional hearing), requiring that the offense be designated second degree and remand for the court to correct the maximum confinement time and to consider whether the second degree burglary should be a felony or a misdemeanor. Assuming the burglary is deemed a misdemeanor, the minor contends the condition requiring he provide a DNA sample should be stricken.

The minor also contended that he was entitled to additional predisposition custody credits but the juvenile court amended the credits subsequent to the minor's filing of his opening brief pursuant to the minor's request. No further action is required as to that contention.

We requested supplemental briefing, asking the parties to discuss "whether the minor's current appeal from a November 2013 order should be dismissed because it raises issues (designation of the degree of offense, probation condition requiring a DNA sample) that should have been raised in an appeal from the May 22, 2013 jurisdictional/dispositional order, revoking deferred entry of judgment, vacating previous dispositional orders, adjudicating the minor as a ward, and granting supervised probation subject to certain terms and conditions."

Having considered the supplemental briefing received from the parties, we conclude we do not have jurisdiction to resolve the minor's contention with respect to the degree of his offense which should have been decided at the jurisdictional/dispositional hearing in May 2013 or his contention with respect to the order he submit to DNA testing which was imposed as a condition of probation in May 2013. Because the minor raises

2

issues that should have been raised in an appeal from the May 2013 order, the minor's current appeal is untimely and must be dismissed. Further, the minor's notice of appeal did not specify that he was appealing from the May 2013 order.

FACTS AND PROCEEDINGS

On August 30, 2012, the minor and another juvenile entered the attached garage of the home belonging to an off-duty prison guard and stole a 12-pack of soda. The victim caught the pair and detained them until officers arrived. When interviewed, the other juvenile admitted that he and the minor had stolen the soda from the victim's home "on a dare."

A petition filed October 25, 2012, alleged the minor came within the provisions of Welfare and Institutions Code section 602 in that he committed burglary of "an inhabited dwelling house," a felony (Pen. Code, § 459; count one) and that the offense was a serious felony within the meaning of Penal Code section 1192.7, subdivision (c). The minor was eligible for deferred entry of judgment (DEJ). (Welf. & Inst. Code, § 790.)

On January 25, 2013, the minor entered a negotiated admission to "Count 1 alleging a *felony* violation of Section 459 of the Penal Code," with a maximum confinement of six years, in exchange for DEJ with 60 days on home supervision, eight days of juvenile work project, and counseling as recommended by probation, as well as other terms and conditions. The court accepted the minor's admission and granted DEJ. (Italics added.)

On February 20, 2013, the minor's mother reported to the minor's probation officer the minor had left home on February 15, 2013 and had not returned. A petition filed February 22, 2013, alleged the minor violated DEJ by being absent from his mother's home for more than 48 hours without the approval of the probation officer (count I) and by violating the terms of the home supervision contract (count II).

3

On May 22, 2013, the minor entered a negotiated admission to count I in exchange for dismissal of count II and the prosecutor's agreement not to file criminal charges against the minor stemming from an incident on March 2013 on school grounds when the minor attempted to grab an officer's firearm for which the minor was suspended from school for three days. The court revoked DEJ probation. Based on the minor's admission of the charged burglary in the original petition, the court found the charged burglary to be true and sustained the October 2012 petition. The court declared the minor a ward of the court and granted supervised felony probation subject to wardship terms and conditions (same conditions that had been imposed under DEJ probation) including DNA testing (under DEJ probation, DNA testing had been held in abeyance). The minor was released to his mother's custody.

A petition filed October 10, 2013, alleged that the minor violated the terms and conditions of probation: he failed to complete two days of work project on October 5, 2013 (count I); he was suspended from school for misconduct (count II) and he had used marijuana (count III) on September 19, 2013; he committed fare evasion on July 10, 2013 (count IV); and he was suspended from school for misconduct on October 9, 2013 (count V). On November 4, 2013, the minor admitted count II. The court revoked probation and then reinstated the minor on probation subject to the additional conditions that he serve 30 days in juvenile hall and upon release, he should be placed in a level "A" facility.

DISCUSSION

The People argue this court is without jurisdiction to determine the merits of the minor's current appeal from the November 2013 order concerning the minor's violation of probation as it raises issues that should have been raised in an appeal from the May 2013 dispositional order and that the appeal must be dismissed. Arguing the doctrine of constructive filing does not apply, the People state that they have no knowledge of any

4

promise by the minor's trial counsel to file an appeal from the May 2013 order and argue there were not any arguably meritorious grounds for reversal or modification of that order which would have required trial counsel to file an appeal.

The minor responds that the issues raised in his appeal are timely, arguing the court's imposition of a six-year maximum confinement term in November 2013, "triggered the issues raised in the current appeal." The minor notes that in January 2013, the court informed the minor the maximum confinement was six years if he failed DEJ probation but argues the advice had no legal effect, citing *In re A.C.* (2014) 224 Cal.App.4th 590 (*A.C.*).

*A.C.* is of no assistance to the minor. In *A.C.,* the minor's only claim on appeal was that the court " 'erred in setting a maximum confinement time when he was released home on probation' and [asked] that [the appellate court] strike the portion of the order including the maximum confinement term." The *A.C.* court agreed, striking the term. (*A.C., supra*, 224 Cal.App.4th at p. 591.)

The minor's argument is not the same as the minor's in *A.C.* Here, the minor argues the degree of his burglary offense had not been determined prior to the November 2013 order. Plus, the minor is wrong; the imposition of the six-year confinement term, even if done for the first time in November 2013, did not "trigger" the issue concerning the designation of his offense as first degree. The term was imposed by the juvenile court's disposition order entered on May 22, 2013.

"A minor may appeal a judgment in a Welfare and Institutions Code section 601 or 602 proceeding 'in the same manner as any final judgment.' [Citation.] The juvenile court's jurisdictional findings are not immediately appealable and the appeal is taken from the order made after the disposition hearing. [Citation.] The minor may also appeal any subsequent order in such proceedings 'as from an order after judgment.' [Citation.] [¶] An appeal in a juvenile case must generally be filed 'within 60 days after the rendition of the judgment or the making of the order being appealed.' [Citations.] 'A

5

timely notice of appeal, as a general matter, is "essential to appellate jurisdiction." ' [Citation.] 'In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment.' [Citation.]" (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1138 (*Shaun R.*).)

The time to appeal from the juvenile court's May 2013 dispositional order ran in July 2013 and the minor did not appeal. A petition alleging a violation of probation was filed in October 2013 and the court made its order on the petition in November 2013. The minor filed a notice of appeal in December 2013, appealing from the November 2013 order. The 60 days had long expired to file an appeal from the May 2013 order. Although the minor timely appealed from the November 2013 order, he is precluded from raising issues challenging the May 2013 order.

The minor is also precluded from raising issues related to the May 2013 order because his notice of appeal only cited the November 2013 order. "A notice of appeal is sufficient if it identifies the particular judgment or order being appealed. [Citations.]" (*Shaun R., supra*, 188 Cal.App.4th at pp. 1138-1139; see also *In re Melvin J.* (2000) 81 Cal.App.4th 742, 753, disapproved of on another ground in *John L. v. Superior Court* (2004) 33 Cal.4th 158, 181, fn. 7.) The minor did not list issues related to the May 2013 order in his notice of appeal and is thus precluded from raising them now.

In the alternative, the minor requests this court treat the current appeal as a petition for a writ of habeas corpus. We will do so, but will deny the petition for a writ of habeas corpus on the ground that the minor has failed to demonstrate that he would prevail on the merits of the petition. Since the minor's appeal does not raise any issues that require resolution, his appeal will be dismissed.

6

DISPOSITION

The appeal is dismissed.

                                                                     HULL_____, J.

We concur:

_____NICHOLSON_____, Acting P. J.

_____MURRAY_____, J.