Filed 5/18/15  In re A.B. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.B., a Person Coming Under the Juvenile Court Law. | B258301 (Los Angeles County Super. Ct. No. YJ37690) |
| THE PEOPLE, Plaintiff and Respondent, v. A.B., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Irma J. Brown, Judge.  Affirmed as modified.

Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Tasha G. Timbadia, Deputy Attorney General, for Plaintiff and Respondent.

_____

The juvenile court sustained a petition filed pursuant to Welfare and Institutions Code section 602,[1] alleging minor and appellant A.B. committed the crimes of dissuading a witness from reporting a crime (Pen. Code, § 136.1, subd. (b)(1) [count 1]), and making criminal threats (Pen. Code, § 422, subd. (a) [count 2]).  The juvenile court found true as to both counts that appellant committed the charged offenses for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further, and assist in criminal conduct by gang members pursuant to Penal Code section 186.22, subdivision (b)(1)(B).  Appellant was placed home on probation with several conditions.  In its disposition order, the juvenile court set a maximum term of confinement of three years.

On appeal, appellant argues, and the Attorney General concedes, that the juvenile court erred in setting a maximum term of confinement.  The maximum term of confinement is stricken from the juvenile court's order.  As modified, the judgment is affirmed.

**ANALYSIS**

Section 726, subdivision (d) requires that the juvenile court specify a maximum term of confinement that cannot exceed the time of confinement allowable for an adult convicted of the same offense if a minor has been removed from the physical custody of his parent or guardian.  The section does not apply when a minor is not removed from the physical custody of his parent or guardian.  (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541 (*Matthew A.*) [discussing former subdivision (c), now subdivision (d), of section 726]; *In re Ali A.* (2006) 139 Cal.App.4th 569, 573-574 (*Ali A.*) [same].)

Because appellant was not removed from the physical custody of his parent or guardian, the juvenile court's order setting a maximum term of confinement has no legal

---

[1] All further references are to the Welfare and Institutions Code, unless otherwise specified.

effect and was not authorized by statute. (See *Matthew A.*, *supra*, 165 Cal.App.4th at p. 541.) In the past, courts have disputed whether it is more appropriate to strike the term of maximum confinement, or to allow the erroneous term to remain in the juvenile court's order because it has no legal effect and causes no prejudice. (*Ali A.*, *supra*, 139 Cal.App.4th at p. 574 [declining to strike the maximum confinement term]; *Mathew A.*, *supra*, at pp. 541-542 [striking the maximum confinement term].) Here, both parties urge us to strike the term. Striking the maximum confinement term has several advantages: it avoids the possibility that the term might be used as a benchmark in future proceedings; provides appellant with an accurate dispositional order; and discourages the practice of including maximum terms in non-custodial orders, which "unnecessarily deplet[es] the limited resources of the judicial system." (*In re A.C.* (2014) 224 Cal.App.4th 590, 592.) We agree with the parties that striking that term from the court's order is the better practice, and will do so here. (See *Ibid.* ["where a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term"].)

## DISPOSITION

The maximum confinement term is stricken from the juvenile court's order dated July 18, 2014. In all other respects, the judgment is affirmed.

KRIEGLER, J.

We concur:

TURNER, P. J.                    MOSK, J.

3