Filed 12/18/20  In re M.G. CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (El Dorado)

----

| | |
|---|---|
| In re M.G., a Person Coming Under the Juvenile Court Law. | C092204 |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> M.G., <br><br> Defendant and Appellant. | (Super. Ct. No. PDL20200035) |

M.G., a 16-year-old minor, appeals from the juvenile court's dispositional order sustaining a Welfare and Institutions Code[1] section 602, subdivision (a) petition alleging the minor committed a burglary.

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

1

The minor's only claim on appeal is that the juvenile court erred in setting a maximum term of confinement when she was released into the custody of her mother. She asks that we strike the maximum term of confinement from the dispositional order. The People agree it was error to set a maximum term of confinement under the circumstances and agree the term should be stricken.

We will strike the term.

## DISCUSSION

The People concede the trial court erred in declaring a maximum term of confinement, as the minor was not removed from the care and custody of her mother.

Section 726, subdivision (d)(1) provides: "If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." When a minor is not removed from the physical custody of his or her parent or custodian as a result of criminal violations sustained under section 602, section 726, subdivision (d) does not apply and the juvenile court is without authority to set a maximum term of confinement. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541; *In re Ali A.* (2006) 139 Cal.App.4th 569, 571 ["When a juvenile ward is allowed to remain in his parents' custody, there is no physical confinement and therefore no need to set a maximum term of confinement"], overruled on another ground in *In re A.C.* (2014) 224 Cal.App.4th 590, 592.) Here, the minor was not removed from parental custody. Accordingly, the juvenile court erred in specifying a maximum term of confinement. The remedy for this error is to strike the term. (*In re Matthew A., at p. 541.)

2

## DISPOSITION

The maximum confinement term is stricken from the juvenile court's dispositional order.  In all other respects, the dispositional order is affirmed.

                                                      /s/
                                         BLEASE, Acting P. J.

We concur:


      /s/
HULL, J.


      /s/
RENNER, J.

3