Filed 2/17/21  In re B.E. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re B.E., a Person Coming Under the Juvenile Court Law. | C092365 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>B.E.,<br><br>        Defendant and Appellant. | (Super. Ct. No. PDL20200004) |

Minor B.E. admitted to possession of cocaine and the juvenile court placed him on probation.  On appeal, the minor contends the juvenile court erred in imposing a maximum term of confinement and that two of the probation conditions are unconstitutional.  We conclude the maximum term of confinement must be stricken and the probation conditions should be modified.

1

FACTS AND PROCEDURAL HISTORY

A juvenile wardship petition was filed under Welfare and Institutions Code section 602 charging the minor with misdemeanor possession of cocaine (Health & Saf. Code, § 11350). The minor admitted the allegation.

At the disposition hearing, the minor's counsel objected to three of the proposed conditions of probation: (1) condition No. 10 prohibiting possession of firearms, knives, or explosives; (2) condition No. 14 subjecting the minor to search or seizure at any time; and (3) condition No. 18 prohibiting the minor from being on the grounds of a school where he is not enrolled. The court rejected counsel's arguments and placed the minor on six months non-wardship probation pursuant to Welfare and Institutions Code section 725, subdivision (a), imposing all proposed probation conditions, and releasing him to his mother. Though not discussed at the hearing, the court's order also set a one-year maximum term of confinement.

DISCUSSION

I

*Maximum Term of Confinement*

The minor first argues the juvenile court erred in setting a maximum term of confinement because the minor was never removed from the custody of his parents; the People agree.

Welfare and Institutions Code section 726 provides: "If the minor is removed from the physical custody of his or her parent or guardian . . . the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." (Welf. & Inst. Code, § 726 subd. (d).)

The minor was not removed from the physical custody of his mother so "the necessary predicate for specifying a term of imprisonment does not exist." (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541.) "[W]here a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term." (*In re A.C.* (2014) 224 Cal.App.4th 590, 592.) We shall accordingly strike the maximum term of confinement the juvenile court imposed.

II

*Probation Conditions*

The minor next contends two of the probation conditions are unconstitutional. The first is condition No. 11, which states the minor must: "Not contact or associate with: Persons known to be on probation or parole." The minor argues this condition is unconstitutionally vague, overbroad, and unreasonable because it lacks a knowledge qualifier. The second condition is No. 8, which states the minor must: "Not use, possess, or be under the influence of any alcoholic beverage or illegal or intoxicating substance, or possess any associated paraphernalia." The minor argues this condition suffers from "[m]ultiple, related issues" because "intoxicating substance" is not defined, not limited to only illegal substances, and there is no element of voluntariness. The People assert the minor forfeited his challenge to these conditions because his counsel did not object to them at the disposition hearing, and if not forfeited, the conditions are constitutional.

"Juvenile courts have broad discretion ' " 'to impose [probation] conditions to foster rehabilitation and to protect public safety.' " ' " (*In re J.S.* (2016) 6 Cal.App.5th 414, 423.) But a probation condition is invalid if it is not sufficiently related to the underlying criminal conduct. (*People v. Lent* (1975) 15 Cal.3d 481, 486; *In re P.O.* (2016) 246 Cal.App.4th 288, 294.) A juvenile court also may not impose unconstitutionally vague or overbroad probation conditions. "Vagueness considers

3

whether a condition is sufficiently precise to give the probationer fair warning of what conduct is required or prohibited; overbreadth considers the closeness of fit between the state's interest in reformation and rehabilitation and the burden imposed on the minor's constitutional rights." (*In re I.V.* (2017) 11 Cal.App.5th 249, 260.)

Fact-based objections to probation conditions, such as challenges as to reasonableness, must be raised in the trial court or they are forfeited on appeal. (*In re Vincent G.* (2008) 162 Cal.App.4th 238, 246.) However, a minor who did not object to a probation condition at disposition may raise a challenge to that condition on appeal if that claim "amount[s] to a 'facial challenge,' " i.e., a challenge that the "phrasing or language . . . is unconstitutionally vague and overbroad", that is, a " ' "pure question[] of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 885, 889.) Such a claim "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts." (*Id.* at p. 885.)

Some of the minor's challenges appear to be to the reasonableness of these two conditions as related to his underlying criminal conduct. This includes any assertion the juvenile court may not impose a probation condition prohibiting the consumption of legal substances. Whether a probation condition prohibiting consumption of legal substances is reasonable depends on the facts of the minor's case. (*In re I.V., supra*, 11 Cal.App.5th at p. 261 ["To address that claim, we would have to review the record to assess whether the condition is sufficiently tailored to I.V.'s rehabilitative needs"].) These are not pure issues of law, so the minor forfeited this claim by failing to object on these grounds at the disposition hearing. (*In re Vincent G., supra*, 162 Cal.App.4th at p. 246.)

The minor's claims these conditions are unconstitutionally vague and overbroad, however, are not forfeited and have merit.

Probation condition No. 11's prohibition of association with parolees and probationers is similar to those barring association with "known gang members" or

4

"anyone disapproved of by probation." Courts, including this one, have consistently found these conditions do not provide sufficient notice to the probationer who they can and cannot associate with. (See *In re Sheena K., supra*, 40 Cal.4th at pp. 889-892; *In re Vincent G., supra*, 162 Cal.App.4th at p. 245; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102-103.) These are unlike probation conditions barring possession of prohibited items which implicitly include a knowledge requirement. (*People v. Hall* (2017) 2 Cal.5th 494, 503 & fn. 2 (*Hall*).)

With condition No. 11, the minor may have no idea the individuals he is associating with are on parole or not. Without a knowledge qualifier, the minor could unknowingly violate probation. This is " ' "a classic case of vagueness." ' " (*In re Justin S., supra*, 93 Cal.App.4th at p. 816.) We will modify probation condition No. 11 to prohibit association with individuals known to the minor who are on probation or parole. (*Ibid*.)

A knowledge qualifier is not so required for probation condition No. 8. The high court in *Hall* cited *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 594, as authority that "knowledge of the contraband's presence *and of its restricted nature* is implicit in probation conditions restricting . . . narcotics." (*Hall, supra*, 2 Cal.5th at pp. 502 & 503, fn. 2, italics added.)[1] Still, the *Rodriguez* court modified a condition barring possession or use of alcohol or "intoxicants." The court explained, "Because the latter category is susceptible of different interpretations, which may include common items such as adhesives, bath salts, mouthwash, and over-the-counter medicines, the addition of an express knowledge requirement will eliminate any potential for vagueness or overbreadth

---

[1] *Hall* did disapprove of *Rodriguez* "[t]o the extent [it] found that possessory probation conditions must include an express knowledge requirement where the prohibited item was not criminalized by statute but was merely related to criminality." (*Hall, supra*, 2 Cal.5th at p. 503, fn. 2.)

in applying the condition." (*Rodriguez,* at p. 594.) The same is true here. Though the knowledge of the restricted nature of the substance may be implicit in condition No. 8, we will modify the condition to eliminate any potential for ambiguity.

## DISPOSITION

Condition No. 8 is modified to read as follows: "Not use, possess, or be under the influence of any alcoholic beverage or substances the minor knows to be illegal or intoxicating, or possess any associated paraphernalia." Condition No. 11 is modified to read as follows: "Not contact or associate with: Persons the minor knows to be on probation or parole." The maximum confinement term is also stricken from the juvenile court's order. In all other respects, the judgment is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
ROBIE, J.

_____
MURRAY, J.

6