Filed 10/6/22  In re E.A. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re E.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  E.A.,  Defendant and Appellant. | E078946  (Super.Ct.No. J291713)  OPINION |

APPEAL from the Superior Court of San Bernardino County.  David E. Driscoll, Judge.  Affirmed as modified.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland , Assistant Attorney General, Christopher P. Beesley and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

A juvenile wardship petition was filed alleging that defendant and appellant E.A. (minor) committed assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2); count 1); receiving stolen property with a value exceeding $950 (§ 496, subd. (a); count 2); possession of ammunition by a minor (§ 29650; count 3); and possession of a firearm by a minor (§ 29610; count 4).  On April 19, 2022, the juvenile court made a true finding on counts 1, 3, and 4.  The court reduced count 1 to a misdemeanor pursuant to section 17, subdivision (b), but declined to reduce count 4 to a misdemeanor.  On May 3, 2022, the court declared minor a ward of the court and placed him in the custody of his mother, to be maintained in her home on terms of probation.  Over the objection of minor's counsel, the court found the maximum period for physical confinement to be two years six months.

On appeal, minor contends the court erred in setting the maximum term of confinement since he was not removed from parental custody.  The People concede, and we agree, that the maximum term of confinement should be stricken.

<u>FACTUAL BACKGROUND</u>

On the afternoon of December 24, 2021, two young women got into an altercation with minor and his female companion at the mall.  Minor pulled out a black handgun from the waist of his pants.  Holding the gun by its barrel, minor swung the gun and hit one of the females in the head three or four times.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

2

Subsequently, the police arrived and found minor sitting with his female companion in the lobby of a restaurant in the mall. The police found a loaded Glock 17 in a bag that minor's companion was holding. After officers handcuffed minor and put him in a police car, minor said, "You like my Glock 17? It's a Glock 17-10-4. . . . It's unregistered."

## DISCUSSION

### The Maximum Term of Confinement Should Be Stricken

Minor was declared a dependent and placed in the custody of his mother under specified probation conditions. He argues that the court erred in setting a maximum term of confinement when he was not removed from parental custody. Respondent concedes, and we agree.

When a minor is removed from the physical custody of a parent or guardian under a wardship order, the order must specify the maximum term of confinement. (Welf. & Inst. Code, § 726, subd. (d).) However, the Welfare and Institutions Code does not authorize a juvenile court to specify a maximum term of confinement when a minor is not removed from the physical custody of his parent or guardian. The court here sustained minor's petition and placed him in the custody of his mother on probation. Over defense counsel's objection, the court found the maximum custody time to be two years six months. The court erred in including the maximum term. (*In re A.C.* (2014) 224 Cal.App.4th 590, 591-592.) "[W]here a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term." (*Ibid.*) Thus, we will strike the term.

3

## DISPOSITION

The maximum confinement term is stricken from the juvenile court's order. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                    J.


We concur:


SLOUGH
            Acting P. J.


MENETREZ
            J.

4