Filed 11/22/22 In re W.J. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re W.J., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B316006 (Super. Ct. No. MJ24919) (Los Angeles County) |
| THE PEOPLE, Plaintiff and Respondent, v. W.J., Defendant and Appellant. | |

W.J. appeals the juvenile court's order sustaining allegations of one count of vandalism (Penal Code, § 594, subd. (a)) and one count of battery (*Id*., § 242). (Welf. & Inst. Code, § 602.) He claims the evidence was insufficient to support either count. W.J. also contends we should strike his maximum confinement time because the juvenile court did not remove him from parental custody. We affirm the findings on the vandalism and battery counts but strike the maximum term of confinement.

FACTS AND PROCEDURAL BACKGROUND

Fifteen-year-old W.J. and two other boys approached a parked truck occupied by 68-year-old Gary Poindexter in the early morning of October 12, 2020. They repeatedly asked for money. He grew frustrated and told them he did not "have money to give away" and that they needed "to go get a job."

The boys did not welcome Poindexter's advice. One sprayed an unknown substance into the truck's cab. Poindexter grabbed a copper pipe lying next to his seat, got out of the truck, and swung the pipe at the boys. They dispersed but soon returned and began hurling bricks at Poindexter. One broke his truck's windshield, and another struck his finger. Poindexter later identified W.J. as the one who threw the brick at the windshield.

The People filed a Welfare and Institutions Code section 602 petition alleging W.J. committed felony vandalism and misdemeanor battery during the altercation. Poindexter testified as the People's only witness. The juvenile court sustained the petition and placed W.J. on home probation. It found his maximum term of confinement to be three years and six months.

DISCUSSION

*A. Vandalism and Battery Counts*

W.J. contends the juvenile court lacked substantial evidence to find he committed vandalism or battery. (See *People v. Zamudio* (2008) 43 Cal.4th 327, 357 [substantial evidence "is reasonable, credible, and of solid value"].) We view the evidence "in the light most favorable to the prosecution and presume in support of the [court's findings] the existence of every fact [it] could reasonably have deduced from the evidence." (*Ibid*.) "'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the [juvenile court] to determine the

2

credibility of a witness and the truth or falsity of the facts upon which a determination depends.'" (*Ibid.*)

W.J. argues that Poindexter's testimony formed an insufficient basis for the juvenile court's findings. Defense counsel confronted Poindexter at trial about inconsistencies between his testimony and his initial statements to police. He gave different reasons, for example, about why he was sitting in his truck at 3:45 a.m. and why the boys first approached him.[1] His responses revealed gaps in his memory about the altercation and what he told police afterward. W.J. insists the People failed to prove its allegations because it based them on such unreliable testimony. The juvenile court acknowledged these inconsistencies but found the "core of the events" described by Poindexter supported the People's allegations. We agree. The appellate court reviews a cold record and, "unlike a trial court, [has] no opportunity to observe the appearance and demeanor of the witnesses. . . . It is not an appellate court's function, in short, to redetermine the facts. . . . Absent indisputable evidence of abuse – evidence no reasonable trier of fact could have rejected – we must therefore affirm the juvenile court's determination." (*In re Sheila B.* (1993) 19 Cal.App.4th 187, 199-200.)

W.J. next argues the People failed to prove W.J. did not act in self-defense. He refers to those parts of the record suggesting he threw the brick because he feared being hit by the copper pipe. We need not reverse where, as here, appellant can assemble a narrative more favorable to his defenses than that adopted by the

---

[1] Poindexter initially told police he had just dropped off a friend when the boys approached and asked for a ride. In contrast, he testified at trial that he had just returned to his truck after painting a house when they approached and asked for money. He could not remember if they also asked for a ride.

trier of fact. (See *In re Matthew A.* (2008) 165 Cal.App.4th 537, 540 ["The same standard governs review of the sufficiency of evidence in adult criminal cases and juvenile cases: we review the whole record in the light most favorable to the judgment to decide whether substantial evidence supports the conviction"].)

### B. *Maximum Term of Confinement*

The juvenile court placed W.J. home on probation with his parents. It found his maximum term of confinement to be three years and six months. The parties agree we must strike the latter finding. "[W]here a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term." (*In re A.C.* (2014) 224 Cal.App.4th 590, 592.)

### DISPOSITION

The maximum term of confinement finding is stricken. The order sustaining the petition is otherwise affirmed.

NOT TO BE PUBLISHED.



CODY, J.*

We concur:



GILBERT, P.J.          BALTODANO, J.

---

* Judge of the Ventura Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California constitution.

4

Brian C. Yep, Judge
Superior Court County of Los Angeles

_____

Elana Goldstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Roberta L. Davis, David E. Madeo, and Blake R. Armstrong, Deputy Attorneys General, for Plaintiff and Respondent.