Filed 9/17/25  In re B.H. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re B.H., a Person coming under the Juvenile Court Law. | B335298 (Los Angeles County Super. Ct. No. EL0419B) |
| THE PEOPLE,  Plaintiff and Respondent,  v.  B.H.,  Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Christina L. Hill, Judge. Affirmed in part; reversed in part, and remanded.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant and appellant B.H. (defendant) appeals an order declaring defendant a ward of the court under Welfare and Institutions Code section 602[1] and ordering him home on probation with terms and conditions. Defendant contends probation conditions 2 and 10 should be stricken because the juvenile court did not verbally impose these terms at the disposition hearing. Further, defendant argues the court erred in setting a maximum term of confinement because defendant was released to the custody of his parents on probation. We conclude probation condition 2 should be partially stricken. However, probation condition 10 and the maximum term of confinement should be entirely stricken. Thus, we affirm in part, reverse in part, and remand the matter with directions.

## BACKGROUND

**The arrest and recovery of an unserialized handgun**

In December 2023, police officers observed defendant at a Metro train stop wearing a fanny pack across his torso, which was concealed by a thin jacket. The officers recognized defendant

---

[1]     All undesignated statutory references are to the Welfare and Institutions Code.

2

from two prior encounters resulting in defendant being detained for a firearm investigation. The officers' suspicions were raised because they knew gang members commonly wore fanny packs in such manner to secure firearms. When defendant began walking toward the train platform, the officers approached him and asked if he had his "TAP card" for boarding the train. As defendant opened his fanny pack, the stock of a firearm wrapped in a yellow towel was revealed. Defendant was arrested and taken into custody. The officers recovered an unserialized handgun from defendant's fanny pack.

**The juvenile petition**

In January 2024, the People filed a juvenile petition against defendant under section 602. The petition alleged defendant unlawfully carried a loaded firearm in a public place and was an active participant in a street gang (Pen. Code, § 25850, subds. (a) & (c)(3); count 1). Defendant filed a motion to suppress pursuant to section 700.1, which the juvenile court denied in February 2024. During the same proceedings, the People included by interlineation a second allegation that defendant carried an unregistered loaded firearm (Pen. Code, § 25850, subd. (c)(6); count 2). Defendant admitted count 2.

**The section 602 disposition hearing**

On February 15, 2024, at the section 602 disposition hearing, the juvenile court declared defendant was a ward of the court and ordered him home on probation with terms and conditions. There were 16 numbered probation conditions. In particular, probation condition 2 provided, "[Defendant] must obey the rules of [his] parents, caregivers, teachers, school officials, and children services workers." Probation condition 10 stated, "[Defendant] must attend and participate in tutoring,

3

vocational training, recreational activities or any other activities as directed by [his] caregiver or probation officer." The court also indicated "[defendant] may not be held in physical confinement for a period to exceed 2 years, aggregated."

Defendant timely appealed.

## DISCUSSION

**I.    Probation conditions 2, in part, and 10 should be stricken as the record does not clearly indicate the juvenile court intended to impose these terms**

**A.    *Standard of review and applicable law***

"Generally, we review the court's imposition of a probation condition for an abuse of discretion." (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) "The California Legislature has given trial courts broad discretion to devise appropriate conditions of probation, so long as they are intended to promote the 'reformation and rehabilitation' of the probationer. (Pen. Code, § 1203.1, subd. (j).)" (*In re Luis F.* (2009) 177 Cal.App.4th 176, 188.)

"In cases involving juvenile offenders, Welfare and Institutions Code section 730, subdivision (b) provides that when a minor who is adjudged a ward of the court 'is placed under the supervision of the probation officer . . . , the court may make any and all reasonable orders for the conduct of the ward . . . . The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'" (*In re Shaun R., supra*, 188 Cal.App.4th at p. 1142.) "Section 730 grants courts broad discretion in establishing conditions of probation in juvenile cases. [Citation.] '[T]he power

4

of the juvenile court is even broader than that of a criminal court.'" (*In re Christopher M.* (2005) 127 Cal.App.4th 684, 692, disapproved of on another ground by *People v. Gonzales* (2013) 56 Cal.4th 353.)

**B.** ***Probation condition 2 should be partially stricken because there is no clear indication the court intended to impose the term***

Defendant contends probation condition 2 should be entirely stricken because the juvenile court did not verbally impose the terms stated in the minute order at the disposition hearing. Condition 2 states: "You must obey the rules of your parents, caregivers, teachers, school officials, and children services workers." Defendant contends he should not run the risk of a section 777 petition for failing to obey his parents or caregivers when he was never informed this was a term of probation.

When a minor is placed on probation, the juvenile court "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b).) "The court has 'broad discretion to fashion conditions of probation' [citation], although 'every juvenile probation condition must be made to fit the circumstances and the minor.'" (*In re P.O.* (2016) 246 Cal.App.4th 288, 293–294.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

When a juvenile challenges a probation condition based on discrepancies in the record, "the modern rule is that if the clerk's and reporter's transcripts cannot be reconciled, the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case." (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346.) However, the court's oral pronouncement controls when "there is no clear indication that the court intended to impose the version in either the minute order or the signed document." (*In re D.H.* (2016) 4 Cal.App.5th 722, 725.)

We conclude the language, "children services workers," in probation condition 2 should be stricken because there is nothing showing the juvenile court intended to include this category of individuals in the minute order. Nothing in the record mentions or references "children services workers."

In contrast, the court made several statements at the disposition hearing showing it intended to impose a probation requirement compelling defendant to obey the rules of his parents or caregivers. The court told defendant: "Well, your dad has your best interest at heart and your mother. *You need to listen to them*, and you need to stop hanging around with people that are bad influences on you. Otherwise, [defendant], you are going to be locked up for a lot longer than you have been." (Italics added.) The court also indicated: "You are ordered to be home between 5:00 p.m. and 6:00 a.m., *unless your father or mother give you permission* to be out after 5:00 p.m. However, if your parents want you home before 5:00, *it's whatever time they say*." (Italics added.) Further, the court instructed: "You must not associate or communicate with anybody that you know *your parents* or probation officer does not approve." (Italics added.)

6

These statements show the court found defendant's parents acted in his best interests and should decide the rules defendant must follow. Thus, it is clear the court intended to require defendant to obey the rules of his parents or caregivers.

In addition, the juvenile court made statements at the hearing demonstrating it intended to impose a probation requirement that defendant obey the rules of his teachers and school officials. The court stated: "You are to go to school all day, every day on time, have good behavior, and get the best grades that you can." The court repeated: "You are to be on time for each class, have good behavior, and get the best grades that you can." "[T]he probation condition should be evaluated in its context, and only reasonable specificity is required." (*People v. Forrest* (2015) 237 Cal.App.4th 1074, 1080.) Here, the court found defendant needed to regularly attend school on time and be on good behavior, all of which require defendant to follow the rules of his teachers and school officials. Thus, given the context of the probation condition and the reasonable specificity of the court's statements, it is clear the court intended to require defendant to obey the rules of his teachers and school officials.

**C.** ***Probation condition 10 should be entirely stricken because there is no clear indication the court intended to impose its terms***

Defendant also contends probation condition 10 should be entirely stricken because none of its terms were verbally imposed at the disposition hearing. Probation condition 10 states: "You must attend and participate in tutoring, vocational training, recreational activities or any other activities as directed by your caregiver or probation officer."

We agree this probation condition should be stricken as there is nothing mentioned in the record regarding tutoring, vocational training, recreational activities or any other similar activities. The People concede this probation condition should be entirely stricken. Since there is no clear indication the juvenile court intended to impose any of the terms in probation condition 10, it is stricken.

## II. The maximum term of confinement should be stricken because defendant was released on probation to the custody of his parents

Defendant contends the maximum term of confinement included in the dispositional order should be stricken because defendant was released home on probation. The minute order specifies: "Minor may not be held in physical confinement for a period to exceed 2 years, aggregated."

"When a juvenile ward is allowed to remain in his parents' custody, there is no physical confinement and therefore no need to set a maximum term of confinement." (*In re Ali A.* (2006) 139 Cal.App.4th 569, 571.) In such circumstances, the maximum term of confinement included in the dispositional order is of no legal effect. (*Id.* at pp. 571, 574.) "[W]here a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term." (*In re A.C.* (2014) 224 Cal.App.4th 590, 592.)

We agree the language on the maximum term of confinement in the order should be stricken. As defendant was released to the custody of his parents on probation, the maximum term of confinement specified in the order is of no legal effect. The People also concede this term should be entirely stricken.

8

## DISPOSITION

The February 15, 2024 order placing defendant on probation is affirmed in part, reversed in part, and remanded. On remand the order on probation condition 2 is affirmed in part and reversed in part—the language, "children services workers," shall be stricken, and the remaining portions of probation condition 2 are affirmed.

The order on probation condition 10 and the maximum term of confinement is reversed. The language, "You must attend and participate in tutoring, vocational training, recreational activities or any other activities as directed by your caregiver or probation officer," and "Minor may not be held in physical confinement for a period to exceed 2 years, aggregated," shall be entirely stricken.


CHAVEZ, J.


We concur:


LUI, P. J.


RICHARDSON, J.