Filed 12/3/13  In re A.W. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re A.W., <br><br> a Person Coming Under the Juvenile Court Law. | B242188 <br> (Los Angeles County <br> Super. Ct. No. NJ26304) |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br>     v. <br><br> A.W., <br><br>     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John C. Lawson, II, Judge. Affirmed.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

A.W. appeals from an order of wardship pursuant to Welfare and Institutions Code section 602 following the juvenile court's finding that he committed the crime of battery in violation of Penal Code section 242, a misdemeanor. Appellant contends the evidence is insufficient to support the juvenile court's finding. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 2011, around 5:00 p.m., Vanessa Caro was riding her bicycle on the Los Angeles River bike path in the City of Long Beach. She was wearing headphones while she rode. As she rode around a curve, she was knocked down by a fishing line that was stretched across the path. The line hit Caro in the upper lip and caused her to fall off her bicycle. Caro's lip was scratched and her bicycle handle was damaged in the incident.

Caro saw about four teenaged boys on one side of the path and one or two on the other side. She got her pepper spray, told them not to leave, and called 911. Several of the boys ran away. Caro initially testified that appellant was holding the fishing line in his left hand and that he threw it down and ran away when she saw him. However, she subsequently stated that he did not run away.

Appellant's version of the incident was that he was trying to stop his friends from stretching the fishing line across the bike path. He testified that he was walking along the river with a friend, Ricky, when they saw two other school friends, Brandon and Joseph. Brandon found some fishing line on the ground and told Ricky to tie it to a pole beside the path.

Brandon thought it would be funny to hit people with the line, but appellant told him not to do it because someone could get hurt. Ricky tied the line to a pole on one side of the path, and Brandon went to the other side of the path and held it,

2

pulling it tight across the path. Appellant saw Caro coming from about five feet away. He told Brandon and Ricky to put the line down, but Brandon started laughing.

Appellant saw that Caro was coming pretty quickly, and he did not want her to get hurt, but he did not know what to do. He decided to hold the line up, and he waved at her to go under the part that was higher. He tried telling her to go under the higher side, but she did not hear him because of her headphones. After Caro hit the line, Ricky and Brandon ran away.

Appellant stayed and tried to explain to Caro that he was trying to help, but she yelled at him and showed him her pepper spray. Appellant stayed and waited for the police.

A petition was filed under Welfare and Institutions Code section 602, alleging that appellant committed the crime of battery in violation of Penal Code section 242, a misdemeanor. At the adjudication hearing, Caro and appellant testified to the facts set forth above. The juvenile court found the allegations of the petition true and sustained the petition. The court declared appellant a ward of the court (Welf. & Inst. Code, § 602) and placed him home on probation. Appellant filed a timely notice of appeal.

## DISCUSSION

Appellant contends that the evidence is insufficient to sustain the juvenile court's finding that he committed battery. He argues that his testimony established that he was trying to prevent his friends from harming Caro and thus lacked the intent to commit a "willful and unlawful use of force or violence upon the person of another." (Pen. Code, § 242.)

The standard of review of an insufficiency of the evidence claim is the same in juvenile cases as in adult criminal cases: "we review the whole record in the light most favorable to the judgment to decide whether substantial evidence supports the conviction, so that a reasonable fact finder could find guilt beyond a reasonable doubt. [Citations.]" (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 540.) "'We must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence [citation] and we must make all reasonable inferences that support the finding of the juvenile court. [Citation.]' [Citations.]" (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1089.)

Battery is a general intent crime. (*People v. Lara* (1996) 44 Cal.App.4th 102, 107.) "This necessarily excludes criminal liability when the force or violence is accomplished with a 'lesser' state of mind, i.e., 'criminal negligence.' As with all general intent crimes, 'the required mental state entails only an intent to do the act that causes the harm . . . .' [Citation.] Thus, the crime of battery requires that the defendant actually intend to commit a 'willful and unlawful use of force or violence upon the person of another.' [Citations.] In this context, the term 'willful' means 'simply a purpose or willingness to commit the act . . . .' ([Pen. Code,] § 7, subd. 1.)

"'Reckless conduct alone does not constitute a sufficient basis for . . . battery . . . .' [Citation.] However, if an act '"inherently dangerous to others" . . . [is] done "with conscious disregard of human life and safety," the perpetrator must be aware of the nature of the conduct and choose to ignore its potential for injury, i.e., act willfully. If these predicates are proven to the satisfaction of the trier of fact, the requisite intent is . . . established by the evidence. [Fn. omitted.]' [Citation.]" (*Lara*, *supra*, 44 Cal.App.4th at pp. 107-108.)

4

Appellant contends that his testimony that he was trying to prevent harm to Caro was undisputed and in fact corroborated by Caro's testimony. He points out that Caro hit the line on her upper lip, corroborating his testimony that he was attempting to lift the line high enough for her not to be hurt. He also argues that the fact that he did not attempt to flee, as the other boys did, supports his claim of innocence. He argues that his testimony regarding the incident establishes that he did not have the requisite intent to commit a "willful and unlawful use of force or violence upon the person of another." (Pen. Code, § 242.)

On appeal, "'[w]e do not reweigh evidence or reevaluate a witness's credibility. [Citation.]' [Citations.]" (*People v. Nelson* (2011) 51 Cal.4th 198, 210.) Thus, although appellant testified that he was raising the fishing line in order to avoid harming Caro, we defer to the juvenile court's determination regarding the weight to be given to his testimony. Caro testified that appellant was holding the fishing line, which was stretched across the bike path. The juvenile court could reasonably deduce from Caro's testimony that appellant was holding the fishing line with the requisite intent.

Similarly, appellant's decision to remain at the scene may be construed as evidence of his innocence, but it also may be, as Caro testified, that he was afraid because of her pepper spray. We again defer to the juvenile court's credibility determination.

Construing the record in the light most favorable to the judgment, we conclude that Caro's testimony is sufficient to support the juvenile court's finding.

**DISPOSITION**

The order of wardship is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


SUZUKAWA, J.

6