Filed 8/28/14  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C074172 |
| Plaintiff and Respondent, | (Super. Ct. No. CM038003) |
| v. | |
| MURPHY SIDNEY JONES, SR., | |
| Defendant and Appellant. | |

A jury convicted defendant Murphy Sidney Jones, Sr., of first degree burglary and assault.  Defendant appeals the judgment, contending, with respect to his burglary conviction, that (1) there is insufficient evidence he intended to commit a felony within the residence when he entered, and (2) burglary of a recreational vehicle (RV) cannot be of the first degree.  We disagree and will affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 22, 2013, Lynn Paschich's RV, in which she had lived for at least two years, was parked behind Robert Marshall's mobile home.  Paschich's friend, Anna Ramirez, came to visit Paschich in her RV.  Paschich invited Ramirez in, closed and locked the door to the RV, and sat down with Ramirez to talk.

1

About five minutes later, defendant "banged on the door really hard." When he identified himself, Paschich yelled at him to come back because there "was no room." Instead, defendant forcibly entered the RV and approached Paschich, poked his finger in her face without touching her, and said, "there was nobody, no female going to disrespect him." Paschich "told him to get the fuck out." He touched her face with his finger and said, "Make me get out, bitch," and that "no bitch was going to disrespect him." Paschich again told defendant to leave. Defendant responded by choking Paschich with one hand and repeatedly punching her in the face with the other until she couldn't breathe, lost consciousness, and defecated on herself. Defendant did not stop until Marshall, who had heard Ramirez's screams, yelled to defendant from the door of the RV to "come on and get out."

Paschich called for emergency assistance. When the police found defendant a half hour later, he volunteered that Paschich "was lying about the propane tank." The previous day, Paschich and defendant had argued about a propane tank that had been taken off of Paschich's RV and set in front of her door, empty. When Paschich had asked defendant if he knew anything about the tank, he became "agitated and angry."

Defendant was charged with first degree burglary with a person other than an accomplice present in the residence during the commission of the crime (Pen. Code, §§ 459, 667.5, subd. (c)[1]–count 1) and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)–count 2). A jury found defendant guilty on both counts. Defendant was denied probation and sentenced to seven years in prison: the upper term of six years for count 1 and a consecutive one year (one-third of the middle term) for count 2. Defendant was also ordered to pay fines and fees as stated in the abstract of judgment.

---

[1] Further undesignated statutory references are to the Penal Code.

# DISCUSSION

## Substantial Circumstantial Evidence Supports the Jury's Finding that Defendant Intended to Commit a Felony

Defendant contends there is insufficient evidence that he intended to commit a felony in the RV because when he first entered he only pointed his finger at Paschich's face and did not actually assault her until she demanded that he leave. We disagree and will affirm the judgment.

In an appellate review of a criminal conviction challenged as lacking evidentiary support, "the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence–that is, evidence which is reasonable, credible, and of solid value–such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) We accord due deference to the verdict and will not substitute our conclusions for those of the trier of fact. (*People v. Koontz* (2002) 27 Cal.4th 1041, 1078.) A conviction will not be reversed for insufficient evidence unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]." (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

"The elements of first degree burglary in California are (1) entry into a structure currently being used for dwelling purposes and (2) with the intent to commit a theft or a felony." (*People v. Sample* (2011) 200 Cal.App.4th 1253, 1261.) Thus, "to constitute burglary, the defendant must intend to commit the theft or felony at the time of entry. [Citation.]" (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 540-541.) However, the requisite intent " ' "is rarely susceptible of direct proof and must usually be inferred from all of the facts and circumstances disclosed by the evidence." [Citation.]' [Citation.]" (*People v. Holt* (1997) 15 Cal.4th 619, 669.)

Here, defendant and Paschich argued the day prior about whether defendant had taken Paschich's propane tank, and defendant was still focused on that argument

3

following the assault and burglary.  The evidence further shows that defendant was already angry when he approached the RV–he banged hard on the door, forced his way through the closed and locked door, and immediately charged Paschich on entry, even if he did not immediately touch her.  On the facts presented, a reasonable jury could conclude defendant had the requisite intent to commit the assault when he entered the RV.  Therefore, there is sufficient evidence to support the conviction.

### The Victim's RV Was an Inhabited Dwelling House

Defendant also contends, as a matter of statutory interpretation, that his conviction for first degree burglary cannot stand because an RV (statutorily referred to as a "house car" [2]) is not included in section 460, subdivision (a), which categorizes a burglary as first degree if it is of "an inhabited dwelling house, vessel . . . , floating home . . . , or trailer coach . . . , or the inhabited portion of any other building . . . ." (§ 460, subd. (a).)  We find that the absence of RV or "house car" from section 460 is inconclusive because the term "inhabited dwelling house" includes an inhabited RV or "house car."

Defendant argues that the Legislature did not intend for burglaries of inhabited RV's to be of the first degree because the Legislature specifically included "house cars" in section 459 but not in section 460, subdivision (a).[3]  However, the California Supreme

---

[2]  "A 'house car' is a motor vehicle originally designed, or permanently altered, and equipped for human habitation, or to which a camper has been permanently attached. . . ." (Veh. Code, § 362.)  This is to be distinguished from a "trailer coach," which is specifically included in Penal Code section 460 and defined as "a vehicle, other than a motor vehicle, designed for human habitation or human occupancy for industrial, professional, or commercial purposes, for carrying property on its own structure, and for being drawn by a motor vehicle." (Veh. Code, § 635.)

[3]  The terms enumerated in section 460 for burglary of the first degree are not as expansive as those enumerated in section 459, which provides, in pertinent part: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel . . . , floating home . . . , railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach . . . ,

4

Court has made it clear that the absence from section 460 of a term that is present in section 459 does not resolve the inquiry. (*People v. Cruz* (1996) 13 Cal.4th 764, 778 (*Cruz*) ["[M]any structures that are enumerated in section 459 but not mentioned in section 460, most notably 'room,' tenement,' and 'apartment,' long have been understood as included in the term 'inhabited dwelling house.' "].) Therefore, we reject this contention.

Defendant also argues that to qualify as a "dwelling house," a residence must be a "structure" that is "fixed to the ground and either cannot be moved at all or cannot be moved without being first dismantled and detached from the ground." The California Supreme Court implicitly rejected this contention when it broadly interpreted the term to include an "inhabited vessel." (*Cruz*, *supra*, 13 Cal.4th at pp. 777-779.)[4] The court reasoned that "inhabited dwelling house" has a "broad, inclusive definition" that depends on "whether the dwelling was being used as a residence." (*Id.* at p. 776.) The court further articulated that "the distinction between first and second degree burglary is founded upon the perceived danger of violence and personal injury that is involved when a residence is invaded" and that the term "inhabited dwelling house" in section 460 "should be construed to effectuate the legislative purposes underlying the statute, namely, to protect the peaceful occupation of one's residence." (*Cruz*, at pp. 775-776.)

---

any house car . . . , inhabited camper . . . , vehicle . . . , when the doors are locked, aircraft . . . , or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary. As used in this chapter, 'inhabited' means currently being used for dwelling purposes, whether occupied or not . . . ."

[4] *Cruz* interpreted the term "dwelling house" as referenced in section 1192.7, subdivision (c)(18) to incorporate first degree burglary (§ 460) as a "serious felony." (*Cruz, supra,* 13 Cal.4th at pp. 773-774.) The court found that the legislative intent underlying section 1192.7, subdivision (c)(18) was to include any first degree burglary and therefore relied on the interpretation of section 460 to determine what should be included for purposes of section 1192.7, subdivision (c)(18). (*Cruz*, at pp. 773-775.)

Other courts too have found "it is the element of habitation, not the nature of the structure that elevates the crime of burglary to first degree." (*People v. Wilson* (1992) 11 Cal.App.4th 1483, 1489 [a tent, though specifically included in § 459 and not in § 460, may be a "dwelling house" for purposes of § 460 if it is inhabited, meaning it is "used for sleeping and storage of [the inhabitants'] possessions"]; see also *People v. DeRouen* (1995) 38 Cal.App.4th 86, 91-92 [noting "important societal policies" of protecting personal safety of occupants and protection of an inhabitant's " 'most secret zone of privacy' " support distinction of burglary of inhabited dwellings as being of first degree], overruled on other grounds in *People v. Allen* (1999) 21 Cal.4th 846, 866.)

Applying that analysis to the instant matter, we find the RV at issue herein was inhabited by Paschich and used by her for sleeping and storing her possessions; therefore, it is a "dwelling house" for purposes of section 460, subdivision (a).

The Supreme Court granted review in a case cited by defendant, *People v. Goolsby* (2014) 222 Cal.App.4th 1323, review granted April 23, 2014, S216648. *Goolsby* was, in any event, inapposite as it involved a different statutory scheme.

## DISPOSITION

The judgment is affirmed.

                                                          RAYE           , P. J.

We concur:

         ROBIE        , J.

         MAURO       , J.