Filed 7/9/15  In re Christopher C. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re CHRISTOPHER C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051054 |
| v. | (Super. Ct. No. DL050092) |
| CHRISTOPHER C., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The juvenile court declared defendant Christopher C. (minor) a ward of the court after finding he committed two offenses with a knife—felony assault with a deadly weapon and misdemeanor brandishing a deadly weapon. (Pen. Code, §§ 245, subd. (a)(1), 417, subd. (a)(1).) The court committed minor to the custody of the probation department pending suitable placement, and put him on probation.

At the time of the offenses, then 13-year-old minor was living with his uncle Jaime M., one of his legal guardians. In an altercation with Jaime, minor tried to open the front door to leave the house, but Jaime blocked it and told minor he was not allowed to leave. Minor pushed Jaime in an effort to open the front door, but Jaime continued to block it.

Minor went into the kitchen and Jamie walked after him. Minor came toward Jaime holding a knife in a balled fist by his right ear, with the blade pointing away from his body. Jaime was in the kitchen doorway and minor was in the kitchen, three or four feet away. Minor said if Jaime did not move, he knew what minor would do.

When Jaime moved backward, minor moved toward him and made a downward slashing motion with the knife two or three times while the blade was pointed at Jaime. Jaime, moved about six feet back, and out the front door. Minor followed Jaime out of the house, threw the knife on the ground, and ran.

We appointed counsel to represent minor on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court he found no arguable issues to assert on minor's behalf. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)

Counsel notified minor he could file a supplemental brief on his own behalf. However the time to do so has passed and we have received no communication from him.

To assist us in our independent review of the record, counsel suggested we consider the following issues:

2

1. Was there sufficient evidence to support the true findings of assault with a knife and brandishing?

2. Was there sufficient evidence minor knew the wrongfulness of his actions within the meaning of Penal Code section 26?

3. Did the court err in denying minor's motion to reduce the assault to a misdemeanor?

4. Did the court err in denying minor's request for a Welfare and Institutions Code section 241.1 report?

5. Under the accusatory pleading test, does assault with a knife include brandishing a knife?  Does brandishing a knife include assault with a knife?

We have considered these issues and independently reviewed the entire record according to our obligations under *Anders v. California*, *supra*, 386 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436, but found no arguable issues on appeal.

With respect to the issues suggested by counsel:

(1)  "The same standard governs review of the sufficiency of evidence in adult criminal cases and juvenile cases:  we review the whole record in the light most favorable to the judgment to decide whether substantial evidence supports the conviction, so that a reasonable fact finder could find guilt beyond a reasonable doubt.  [Citations.]" (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 540.)  Applying this standard there is substantial evidence to support all of the elements of both offenses.

(2)  Penal Code section 26 provides in relevant part:  "All persons are capable of committing crimes except those belonging to the following classes:  [¶] One-- Children under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness."  The court found minor was aware of the wrongfulness of his conduct at the time the offenses were committed and substantial evidence supports that finding.

3

(3)  Nothing in the record provided to us supports counsel's claim minor moved to reduce the assault with a deadly weapon to a misdemeanor.  At the close of the People's case-in-chief minor did move to dismiss the assault under Welfare and Institutions Code section 701.1, on the grounds that it had not been proven.  The court properly denied that motion because at the close of petitioner's case-in-chief substantial evidence supported all of the elements of that offense.

(4)  When a minor qualifies as both a dependent and a ward of the juvenile court, the Legislature has declared that a minor cannot simultaneously be both.  (Welf. & Inst. Code § 241.1; see *In re Donald S*. (1988) 206 Cal.App.3d 134.)  In this case minor was not a dependant at the time he was declared a ward.  Thus, the procedures set forth in Welfare and Institutions Code section 241.1 were not applicable.

(5)  A misdemeanor brandishing of a weapon under Penal Code section 417 is not a lesser and necessarily included offense of assault with a deadly weapon.  (*People v. Escarcega* (1974) 43 Cal.App.3d 391, 398.)

**DISPOSITION**

The judgment is affirmed.

THOMPSON, J.

WE CONCUR:

O'LEARY, P. J.

ARONSON, J.

4