Filed 5/8/25  In re G.M. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re G.M., a Person Coming Under the Juvenile Court Law. | B334768 |
| THE PEOPLE, | (Los Angeles County Super. Ct. No. SJ0447A) |
| Plaintiff and Respondent, | |
| v. | |
| G.M., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David Yaroslavsky, Judge. Affirmed with instructions.

John Schneider, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The juvenile court sustained the People's allegation that minor G.M. carried a loaded handgun in violation of Penal Code section 25850, subdivision (a), a misdemeanor. Accordingly, the court declared G.M. its ward under Welfare and Institutions Code section 602 and ordered home probation. As part of that order, it also fixed a maximum term of confinement.

We agree with the People that substantial evidence supports the juvenile court's finding G.M. committed the alleged criminal act and was therefore a person described in Welfare and Institutions Code section 602. But because the court's order did not call for G.M.'s removal from his mother's custody, we order the maximum term of confinement stricken.

**FACTUAL AND PROCEDURAL BACKGROUND**

Shortly after midnight on December 28, 2023, Los Angeles County Sheriff's Department Deputies Carlos Martinez and Samuel Curameng were on separate patrols in Canyon Country. Deputy Curameng initiated a traffic stop of a gray Acura sedan and Deputy Martinez immediately joined in the stop. The driver pulled over near the intersection of Jakes Way and Sandy Drive. As the car stopped, G.M. exited the front passenger door and ran down Sandy Drive towards Zev Drive. Deputy Martinez gave chase on foot while Deputy Curameng stayed with the car and driver.

During the chase, Deputy Martinez noticed G.M. gripping his waistband with his right hand while his "left hand was running freely." At the intersection of Sandy Drive and Zev Drive, Deputy Martinez noticed "both [G.M.'s] hands became free. He started running with both hands open freely." This helped G.M. run faster and escape the deputy's sight. Deputy Martinez found

2

G.M. hiding in the garage of a nearby apartment building soon thereafter.

After apprehending G.M., Deputy Martinez conducted an "article search," retracing the path of the foot pursuit. At the very place "where [he] noticed [G.M.'s] hands were running freely, [he] saw and recovered a firearm." The gun was in an ivy plant. It was "moist because it was in the plant, it was wet. So it was still kind of damp when [Deputy Martinez] picked it up." It was not, however, dirty. The gun was loaded with .40-caliber ammunition.

Meanwhile, Deputy Curameng performed a search of the car. On the passenger seat, where G.M. had been riding before he fled, he found a jacket. When he picked up the jacket, a single live round of ammunition fell out. It was a ".40-caliber round matching the same ammo" as Deputy Martinez found in the gun.

The People filed a petition under section 602 of the Welfare and Institutions Code alleging that G.M., who was 17 years old at the time, had violated Penal Code section 25850, subdivision (a), by carrying, both on his person and in a vehicle, the gun Deputy Martinez found in the ivy plant. The juvenile court sustained the allegation and found it to be a misdemeanor. On this basis, it declared G.M. a ward of the juvenile court. It ordered G.M. placed on probation in the home of his mother. It also ordered, among other things, that "[G.M.] may not be held in physical confinement for a period to exceed 364 days."

G.M. filed a timely notice of appeal.

## DISCUSSION

We have jurisdiction over this appeal pursuant to section 800 of the Welfare and Institutions Code. (*Id.,* subd. (a).)

3

**I.     The Order Was Proper Because There Was Sufficient Evidence G.M. Violated Penal Code Section 25850, Subdivision (a)**

**A.     Applicable Law**

A 17-year-old minor, like G.M. was at the time of his apprehension and the order below, may be declared a ward of the juvenile court if the court determines he has committed a criminal act other than an age curfew violation. (Welf. & Inst. Code, § 602, subd. (a).) Such a determination may be made only upon admissible evidence sufficient to constitute proof beyond a reasonable doubt. (§ 701.)

**B.     Standard of Review**

"When addressing claims of insufficient evidence in the context of a juvenile court judgment sustaining criminal allegations, 'we must apply the same standard of review applicable to any claim by a criminal defendant challenging the sufficiency of the evidence to support a judgment of conviction on appeal.' [Citation.] Thus, ' " 'we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " ' ' "[W]e presume every fact in support of the judgment the trier of fact could have reasonably deduced from the evidence." ' [Citations.] Reversal is warranted only where it appears ' "that upon no hypothesis what[so]ever is there sufficient substantial evidence to support [the judgment]." ' " (*In re Aaron J.* (2018) 22 Cal.App.5th 1038, 1058.)

### C.    Analysis

A person is guilty of violating Penal Code section 25850, subdivision (a) if he (1) carries a loaded firearm on his person or in a vehicle, (2) knew he was carrying the firearm, and (3) at that time, was in a public place or on a public street in an incorporated city or in an unincorporated area where it was unlawful to discharge a firearm. (See CALCRIM No. 2530.)

Here, G.M. challenges the sufficiency of the evidence that he ever possessed a firearm. The evidence was plainly sufficient.

At the time of the traffic stop, G.M. was seated in the passenger seat of the car. Following the stop, he fled on foot. Deputy Martinez chased after him from a distance of approximately 10 feet and observed him initially clutching his waistband with one hand. It is a reasonable inference that he was securing an object there. Exactly at the place the gun was later recovered, Deputy Martinez noticed G.M. stopped clutching his waistband and proceeded to run with both arms free. It is a reasonable inference that the object he had been securing was, at that point, no longer in his waistband. When Deputy Martinez found the gun, it was damp, but not dusty or dirty. It was also loaded with ammunition that matched ammunition that fell from the jacket Deputy Curameng found on the passenger seat of the car—where G.M. had been sitting before he fled.

G.M.'s attack on the evidence fails to show it is legally insufficient. He observes that no one, including neither Deputies Martinez nor Curameng, testified they saw the gun in G.M.'s possession. He also observes that neither fingerprint nor DNA evidence linked G.M. to the gun or the ammunition in the car. While the evidence could have been stronger, that is not the standard for reversal. It is enough that a reasonable trier of fact

5

could find from the evidence that G.M. possessed the gun beyond a reasonable doubt. This is certainly the case here.

G.M. suggests some of the evidence was incompatible with the juvenile court's finding. For example, he notes Deputy Martinez did not see G.M. discard the gun in the bushes even though he was only 10 feet away, and questions how the gun could have gotten damp in the short time between the foot pursuit and when Deputy Martinez found it. G.M.'s attempts to reargue the evidence fail. Consistent with our obligation to presume every fact in support of the judgment that the court could have reasonably deduced, we presume the conditions made it difficult for Deputy Martinez, who was behind G.M. in the middle of the night, to see G.M. discard the gun as he rounded a corner; and that moisture from the wet plants transferred to the gun as it passed through and sat in the foliage.

## II.  The Juvenile Court's Order Regarding G.M.'s Maximum Period of Confinement Must Be Stricken

G.M. contends, and the People agree, that the maximum term of confinement for his offense must be stricken from the juvenile court's order. As we explained in *In re Matthew A.* (2008) 165 Cal.App.4th 537, 541, when a minor is removed from the physical custody of his parent or custodian as a result of criminal violations sustained under Welfare and Institutions Code section 602, the juvenile court must specify the maximum term of confinement that could be imposed on an adult convicted of the same offense. But the Legislature did not require the same where a minor is *not* removed and specifying a maximum term under such circumstances is therefore inappropriate.

**DISPOSITION**

We affirm the juvenile court's order declaring G.M. a ward of the court except that the statement of the maximum term of confinement must be stricken.


RICHARDSON, J.

WE CONCUR :


ASHMANN-GERST, Acting P. J.


CHAVEZ, J.

7