Filed 8/26/22 In re J.A. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re J.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. J.A., Defendant and Appellant. | E078558 (Super. Ct. No. J290213) OPINION |

APPEAL from the Superior Court of San Bernardino County. Susan Slater, Judge. Affirmed as modified with directions.

Savannah R. Montanez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Collette C. Cavalier and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

J.A. (minor) appeals from the juvenile court's dispositional orders. He contends (1) the probation condition prohibiting him from "possessing or acting like he possesses a deadly weapon" is unconstitutionally vague or overbroad; (2) the 15-percent administrative processing fee requiring him to pay restitution to the victim should be stricken pursuant to Assembly Bill No. 177; and (3) the maximum term of confinement should be stricken from the court's order because he was not removed from parental custody. We find probation condition 10 to be constitutional. However, we strike the 15-percent administrative processing fee pursuant to Assembly Bill No. 177, as well as the court's maximum term of confinement finding because minor was placed on home probation. Agreeing with him in part, we will modify the judgment and direct the juvenile court to amend the written conditions of probation and the dispositional order.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

Minor and S.S. began a relationship in October 2019 when S.S. was 12 years old and minor was 15. During their relationship, minor coerced, forced and pressured S.S. to engage in various sexual activities, including oral copulation and vaginal intercourse. The sexual abuse continued from October 2019 until July 2020.

Following a jurisdictional hearing, on January 25, 2022, the juvenile court found true that minor committed three counts of lewd acts upon a child under 14 years of age

(Pen. Code, § 288, subd. (a)).  The court thereafter declared minor a ward of the court, placed him on formal probation in the custody of his father, and imposed various terms and conditions of probation.

Among others, probation condition 10 stated: "Do not possess, or *act like you possess*, a dangerous or deadly weapon, including but not limited to any knife, gun, anything that looks like a gun, any part of a gun, ammunition, blackjack, bicycle chain, dagger, or any weapon or explosive substance or device as defined in [P]enal [C]ode section 16100-17360 and/or [P]enal [C]ode section 626.10."  Probation condition 18 required that minor "[p]ay the victim, S.S., for any injuries or damages [he] caused by committing this crime, pursuant to Welfare and Institutions Code sections 730.6/730.7, in an amount to be recommended by the probation officer and ordered by the court, plus a fifteen percent (15%) fee pursuant to Penal Code section 1203.1 and San Bernardino County ordinance 3026 for the administrative cost of processing the account."

The juvenile court set a maximum term of confinement of 10 years.  Minor timely appealed.

### III.

### DISCUSSION

A. *Probation Condition 10*

Minor argues the probation condition prohibiting him from acting like he possesses a deadly or dangerous weapon is unconstitutionally vague and overbroad.  He thus requests we strike the language "or act like you possess" from probation condition

3

10. The People contend the condition is sufficiently precise, such that a person of common intelligence could understand it. We agree with the People.

The juvenile court "has wide discretion to select appropriate conditions and may impose "'any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'""'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) "We review constitutional challenges to probation conditions de novo." (*People v. Holzmann* (2018) 18 Cal.App.5th 1241, 1244.)

"Probation conditions, like statutes, are unconstitutional if they are not sufficiently precise for the probationer to know what is required of him or her. [Citation.] That is because of the due process requirement of fair warning, which is embodied in both the federal and state Constitutions. [Citation.] If a law does not provide fair warning of what it prohibits or requires, those to whom it applies will not know what conduct subjects them to punishment. [Citation.] Further, a vague law invites arbitrary and discriminatory enforcement." (*People v. Holzmann*, *supra*, 18 Cal.App.5th at pp. 1244-1245.) However, "[m]erely because a condition could have been drafted with more precision does not make it unconstitutional." (*Id*. at p. 1246.)

In other words, "[t]o withstand a vagueness challenge, 'a probation condition must be sufficiently definite to inform the probationer what conduct is required or prohibited, and to enable the court to determine whether the probationer has violated the condition.' [Citations.] A probation condition is not impermissibly vague ""'simply because there may be difficulty in determining whether some marginal or hypothetical act is covered by

4

its language.'"' [Citation.] We give the condition "'the meaning that would appear to a reasonable, objective reader.'"" (*In re I.V.* (2017) 11 Cal.App.5th 249, 261.) Hence, "[a] probation condition survives a vagueness challenge if it can be given any reasonable and practical construction." (*Ibid.*)

Minor asserts that the part of the condition prohibiting him from "acting like" he possesses a dangerous or deadly weapon is vague and overbroad because it fails to give him fair warning of what conduct is prohibited. We disagree with minor's claim that the phrase "act like you possess" is unconstitutionally vague. A probation term should be given "the meaning that would appear to a reasonable, objective reader." (*People v. Bravo* (1987) 43 Cal.3d 600, 606.) The condition prohibits minor from acting like he possesses a dangerous or deadly weapon such as a gun, knife, dagger, or explosive device. A reasonable, objective reader would interpret "'act like you possess'" to mean pretending or making a gesture like you have a dangerous or deadly weapon. (See *In re A.C.* (2019) 37 Cal.App.5th 262, 268-269 [court read "act like you possess an object you know is a dangerous or deadly weapon" to mean "perform[ing] an 'act' that simulated [the minor's] possession of a weapon"].) For example, one can imagine, during the commission of a robbery, a perpetrator could reach into his jacket pocket and feign holding a gun to intimidate the victim to relinquish property. The probation condition would deter such conduct. This reading is a reasonable and practical construction of the phrase.

5

Contrary to minor's assertions, a reasonable person would not interpret minor's hypothetical actions as indicating he possessed a dangerous or deadly weapon. For example, a reasonable person would understand the difference between a person using an open hand to wave "hello," and a person gesturing with a closed hand to wave a knife or another deadly device. Likewise, if minor used his fingers to gesture "okay," as a sign of approval, a reasonable person would understand the benign gesture to mean "okay." On the other hand, as indicated above, reaching into a sweatshirt or jacket pocket and simulate holding a gun would be prohibited under the probation condition. As the probation condition can be reasonably and practically construed, it is not vague. (*People v. Morgan* (2007) 42 Cal.4th 593, 605 ["[A]ny reasonable and practical construction" of the statutory language at issue defeats a vagueness challenge].)

Minor further argues that the condition is vague since it does not specifically describe "how a person acts like he or she possesses a deadly or dangerous weapon" and could apply to a number of situations. Reasonable minds can only guess how a person might position or move their body to act like they possess such weapons However, the condition provides that he is not to possess or act like he possesses ". . . any weapon or explosive substance or device as defined in [P]enal [C]ode section 16100-17360 and/or [P]enal [C]ode section 626.10." These statutes list various weapons and specifically define various behaviors. (See Pen. Code, § 16120 ["Intentionally or recklessly [] cause or attempt to cause bodily injury," "place a person in reasonable apprehension of imminent serious bodily injury to that person or to another," "molest, attack, strike,

6

stalk"].)  In light of its reference to these statutes, the condition's language is sufficiently precise.  (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890; see *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117 [a probation condition must be reasonably specific]; see also, *People v. Hall* (2017) 2 Cal.5th 494, 501 ["a probation condition should not be invalidated as unconstitutionally vague ""'if any reasonable and practical construction can be given to its language'""""].)

Minor contends the probation condition "is unconstitutionally overbroad because it unnecessarily infringes on [his] right to freedom of expression" in violation of his First Amendment.  As to minor's claim of overbreadth, we note that "the purpose of probation is rehabilitation."  (*In re White* (1979) 97 Cal.App.3d 141, 150.)  Therefore, conditions of probation should be "closely tailored to the rehabilitative needs of the individual before the court."  (*In re Victor L.* (2010) 182 Cal.App.4th 902, 930.)  The purpose of the condition here is to address minor's criminal conduct and deter him from engaging in conduct that leads to criminal activity involving weapons.  The condition prohibits minor from acting like he possesses a dangerous weapon.  In light of the purpose of the condition to deter the minor from engaging in conduct that leads to criminal activity involving weapons, we conclude that it is not a reasonable interpretation of the condition to suggest that it precludes him from expressing his freedom of expression, such as participating in a play, which has nothing to do with criminal activity.  Moreover, probationers may validly consent to limitations on their constitutional rights in order to

7

enjoy the privilege of probation. (*People v. Olguin* (2008) 45 Cal.4th 375, 384.) Thus, we find the probation condition is not overbroad.

We conclude that probation condition 10 is not unconstitutionally vague or overbroad and, thus, decline to strike or modify it.

B. *Probation Condition 18 Imposing 15 Percent Processing Fee*

As noted, the juvenile court ordered minor to pay victim restitution, plus "a fifteen percent (15%) fee pursuant to Penal Code section 1203.1 and San Bernardino County Ordinance 3026 for the administrative cost of processing the account." Minor asks us to strike the administrative fee because of changes in the law made by Assembly Bill No. 177 (2021-2022 Reg. Sess.). The People agree that the portion of probation condition 18 requiring the 15-percent administrative processing fee should be stricken. We agree with the parties.

On September 23, 2021, the Legislature enacted Assembly Bill No. 177, which amended Penal Code section 1465.9 by adding subdivision (b). (Stats. 2021, ch. 257, § 35.) That provision states: "On and after January 1, 2022 the balance of any court-imposed costs pursuant to [s]ection 1001.15, 1001.16, 1001.90, 1202.4, *1203.1*, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Pen. Code, § 1465.9, subd. (b), italics added.)

8

Assembly Bill No. 177 also repealed and then re-enacted Penal Code section 1203.1, effective January 1, 2022, eliminating former subdivision (l), which authorized the court to impose an administrative fee to cover the costs of collecting the restitution award in an amount not to exceed 15 percent of the total amount ordered to be paid. (Stats. 2020, ch. 257, §§ 21, 22.) In enacting Assembly Bill No. 177, the Legislature sought "to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (Stats. 2021, ch. 257, § 2.)

Based on its plain language, Assembly Bill No. 177 renders the 15-percent administrative processing fee imposed on January 25, 2022, after the passage of Assembly Bill No. 177, unenforceable and uncollectible. We therefore strike the administrative processing fee imposed under former section 1203.1, subdivision (l). (Cf. *People v. Clark* (2021) 67 Cal.App.5th 248, 259.)

C. *Maximum Term of Confinement in Minute Order*

Minor contends the juvenile court erred by setting a maximum term of confinement because he was not removed from the physical custody of his father. He therefore requests that we strike the maximum term from the juvenile court's jurisdictional/dispositional order. The People agree, as do we.

Welfare and Institutions Code section 726, subdivision (d)(1) provides: "If the minor is removed from the physical custody of the minor's parent or guardian as the

9

result of an order of wardship made pursuant to [Welfare and Institutions Code] [s]ection 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the middle term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." (Welf. & Inst. Code, § 726, subd. (d).)

When a minor is not removed from the physical custody of his or her parent or custodian as a result of criminal violations sustained under Welfare and Institutions Code section 602, Welfare and Institutions Code section 726, subdivision (d) does not apply and the juvenile court is without authority to set a maximum term of confinement. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541; *In re Ali A.* (2006) 139 Cal.App.4th 569, 571 ["When a juvenile ward is allowed to remain in his parents' custody, there is no physical confinement and therefore no need to set a maximum term of confinement"], overruled on another ground in *In re A.C.* (2014) 224 Cal.App.4th 590, 592.)

Here, minor was not removed from parental custody. Accordingly, the juvenile court erred in specifying a maximum term of confinement. "'[W]here a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term.' [Citation.]" (*In re H.N.* (2022) 76 Cal.App.5th 962, 973, quoting *In re A.C.*, *supra*, 224 Cal.App.4th at p. 592.)

## IV.

## DISPOSITION

The 15 percent administrative processing fee is stricken from probation condition 18. The maximum confinement term is also stricken from the juvenile court's jurisdictional/dispositional order. The juvenile court is directed to amend the written conditions of minor's probation and the January 25, 2022 jurisdictional/dispositional order. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKinster
J.

11